FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAY 29 2013

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 13-1877 |
| | ) | |
| vs. | ) | Counts 1-12: 18 U.S.C. § 2511(1)(a): |
| | ) | Unlawful Interception of Wire |
| JAMIE ESTRADA, | ) | Communications; |
| | ) | |
| Defendant. | ) | Counts 13-14: 18 U.S.C. § 1001(a)(2): |
| | ) | False Statements. |

I N D I C T M E N T

The Grand Jury charges:

Background

1.      In the summer of 2009 Susana Martinez ("Martinez") began to prepare a campaign to run for Governor of the State of New Mexico in the November 2010 election.

2.      D.H., an individual whose identity is known to the Grand Jury, was an early supporter of Martinez' candidacy. On or about July 18, 2009, through an online service known as GoDaddy.com, D.H. registered an internet domain designated as www.susana2010.com (the "Domain"). Among other things, registering an internet domain such as www.susana2010.com allows the registrant to set up a website at that internet address and to establish email addresses corresponding to that internet address.

3.      D.H. registered the Domain for a period of two one year terms.  As such, after the Domain was renewed at the end of the first term, the Domain was set to expire on or about July 18, 2011.  As a matter of policy, however, GoDaddy.com afforded the registrant of a domain a 42-day grace period, after expiration, within which to renew a domain.  In other words, even

though the Domain was set to expire on or about July 18, 2011, for 42 days after that date the owner of the Domain would have the exclusive right of renewal. After expiration of the 42-day grace period, the Domain would be publically available for purchase.

4.     Administrative access to the Domain was controlled by means of a username and password. These credentials were required to make any administrative changes to the Domain, including but not limited to, posting content to the website associated with the Domain, and creating new email accounts associated with the Domain. Finally, at the conclusion of the two-year registration period, the username and password would be required in order to renew the Domain.

5.     Shortly after registering the Domain, D.H. donated the Domain to Martinez' organization for use in the upcoming gubernatorial campaign. In so doing, D.H. provided the username and password to the Domain to Martinez' campaign.

6.     As Martinez' campaign organization grew, the Domain became an important tool for political activity. In particular, each member of the campaign staff, including Martinez herself, maintained an email address at the Domain (*e.g.*, xxxxx@susana2010.com). These email accounts were used for various purposes, including communications between members of the campaign staff, as well as communications with outside supporters and members of the media.

7.     In or about July 2009, the defendant, **JAMIE ESTRADA**, joined the Martinez campaign as campaign manager. In this capacity, **ESTRADA** was provided with the username and password associated with the Domain.

8.     **ESTRADA**'s tenure with the campaign did not last long, as he left the campaign in or about December 2009. Shortly before his departure from the campaign, Martinez sent

**ESTRADA** an email requesting that he return any and all information belonging to the campaign, including any usernames and passwords belonging to the campaign.

9.      After Martinez' inauguration as Governor of New Mexico in January of 2011, Martinez and members of her staff continued to use the email accounts associated with the Domain for certain communications.  On or about July 18, 2011, however, Martinez' staff began receiving reports that emails sent to addresses at the Domain were bouncing back to the sender. It was soon determined that the emails were not being delivered as intended, because the Domain had expired.

10.      Members of Martinez' staff immediately began efforts to re-register the Domain. These efforts were unsuccessful, however, because no one on the staff could locate or recall the username and password associated with the Domain or the name of the original registrant, D.H. In an effort to locate these credentials, on or about July 18, 2011, an individual affiliated with Martinez' campaign contacted **ESTRADA** with a request that he provide this information. **ESTRADA**, however, refused to provide this information.

11.      Thereafter, on or about July 29, 2011, during the grace period described in Paragraph 3 above, **ESTRADA** logged onto GoDaddy.com and created a new customer profile under the alias "Sylvia Tacori" with a corresponding street address of 1644 E. Evans, Denver, Colorado 80210.  Using the username and password associated with the Domain, which he obtained during his employment with Martinez' campaign, **ESTRADA** renewed the Domain. **ESTRADA** used a pre-paid gift card that contained no identifying information to pay the fee associated with the renewal of the Domain.

12.      At the same time as he renewed the Domain, **ESTRADA** changed the settings for the Domain as they related to the handling of incoming email messages.  While the Domain was

previously set to direct all incoming email messages to a mail server authorized by the Martinez campaign, **ESTRADA** changed that setting and directed all incoming email messages to a Google email account controlled by **ESTRADA**. This email account was not affiliated with the Martinez campaign. As a result of this change, email messages intended for recipients at the Domain would no longer reach their intended audience, nor would they bounce back to the sender informing them that they did not reach their intended recipient. Rather, such messages would be diverted to an email account controlled by **ESTRADA**.

13.     Consequently, between approximately July 29, 2011 and June 15, 2012, **ESTRADA** subsequently received a consistent flow of email messages intended for recipients at the Domain, including Governor Martinez.

14.     After becoming aware that the Domain was still active and that emails intended for recipients at the Domain were likely being diverted to an unknown destination, D.H., the original creator of the account, contacted GoDaddy and convinced them that the Domain had been hijacked. Accordingly, on or about June 14, 2012, GoDaddy canceled the content associated with the Domain and returned it to D.H.

### Counts 1-12

15.     The Grand Jury hereby realleges and reincorporates the allegations contained in paragraphs 1-14 as though fully set forth herein.

16.     On or about the dates set forth below, in Bernalillo County, in the District of New Mexico and elsewhere, the defendant, **JAMIE ESTRADA**, did intentionally intercept wire communications, to wit, emails intended for various recipients at the internet domain designated as www.susana2010.com.

| Count | Date | Description of Email |
|---|---|---|
| 1 | July 29, 2011 | Email from Wells Fargo to K.R., an individual whose identity is known to the Grand jury ([kr]@susana2010.com) Re: Wells Fargo Online Statement Ready to View |
| 2 | October 17, 2011 | Email from C.A. to K.R., individuals whose identities are known to the Grand Jury, ([kr]@susana2010.com) Re: Monday |
| 3 | November 6, 2011 | Email from iTunes Store to Susana Martinez (susana.m@susana2010.com) Re: Your receipt No. 200024684991 |
| 4 | December 10, 2011 | Email from N.R., an individual whose identity is known to the Grand Jury, to (info@susana2010.com) Re: man represented by incompetent public defender |
| 5 | December 18, 2011 | Email from Airline International Online Orders to Susana Martinez (susana.m@susana2010.com) Re: We have received your order! |
| 6 | December 28, 2011 | Email from Wells Fargo to K.R., an individual whose identity is known to the Grand Jury ([kr]@susana2010.com) Re: Wells Fargo Overdraft Protection Advance |
| 7 | January 16, 2012 | Email from D.S., an individual whose identity is known to the Grand Jury, to Susana Martinez (susana.m@susana2010.com) Re: Bat Brigade Meeting |
| 8 | February 5, 2012 | Email from contactus@spanx.com to Susana Martinez (susana.m@susana2010.com) Re:  Thanks for ordering from www.spanx.com! |
| 9 | March 31, 2012 | Email from iTunes Store to Susana Martinez (susana.m@susana2010.com) Re: Your receipt No. 192031391048 |
| 10 | April 30, 2012 | Email from jockey@jockey.com to Susana Martinez (susana.m@susana2010.com) Re: Your Jockey.com order is on the way! Order #2890949 |
| 11 | May 22, 2012 | Email from A.G., an individual whose identity is known to the Grand Jury, to Susana Martinez (susana.m@susana2010.com) Re: Fwd: Gov's Business Contacts List REVISED. |
| 12 | June 14, 2012 | Email from iTunes Store to Susana Martinez (susana.m@susana2010.com) Re: Your receipt No. 167034645036 |

All in violation of 18 U.S.C. § 2511(1)(a).

## Count 13

17.     The Grand Jury hereby realleges and reincorporates the allegations contained in paragraphs 1-14 as though fully set forth herein.

18.     On or about September 19, 2012, in Valencia County, in the District of New Mexico, in a matter within the jurisdiction of the executive branch of the Government of the United States, that is, the Federal Bureau of Investigation, an agency of the United States, the defendant, **JAMIE ESTRADA**, knowingly and willfully made a false, fraudulent and material statement and representation in that the Defendant falsely and fraudulently stated and represented that he had never logged into the GoDaddy account associated with the Domain.  At the time the Defendant, **JAMIE ESTRADA** made such a false material statement and representation, he well knew and understood that he had in fact logged into the GoDaddy account associated with the Domain.

In violation of 18 U.S.C. § 1001(a)(2).

## Count 14

19.     The Grand Jury hereby realleges and reincorporates the allegations contained in paragraphs 1-14 as though fully set forth herein.

20.     On or about September 19, 2012, in Valencia County, in the District of New Mexico, in a matter within the jurisdiction of the executive branch of the Government of the United States, that is, the Federal Bureau of Investigation, an agency of the United States, the defendant, **JAMIE ESTRADA**, knowingly and willfully made a false, fraudulent and material statement and representation in that the Defendant falsely and fraudulently stated and represented that he never created another GoDaddy account to host the Domain.  At the time the Defendant, **JAMIE ESTRADA** made such a false material statement and representation, he well knew and

understood that he had created a new account with GoDaddy to host the Domain after he renewed it.

In violation of 18 U.S.C. § 1001(a)(2).


A TRUE BILL:


/s/
_____
FOREPERSON OF THE GRAND JURY

_____
Assistant United States Attorney

7